IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CR-278-BO

| | |
|---|---|
| ELIJAH HOLLMAN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **O R D E R** |

This matter is before the Court on petitioner's pro se motion for relief pursuant to the Second Chance Act [DE 23], and motion to compel [DE 27]. The government opposes the motions. For the reasons stated herein, the petitioner's motions are DENIED.

## BACKGROUND

On June 23, 2005, the United States District Court for the Eastern District of New York convicted petitioner on one count of distribution and possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). On August 13, 2012, jurisdiction was transferred to the Eastern District of North Carolina. On March 5, 2013, upon motion by the United States Probation Office, this Court revoked petitioner's supervised release and committed him to the custody of the Bureau of Prisons for 24 months' imprisonment.

On November 12, 2013, petitioner filed a motion for relief pursuant to the Second Chance Act[ DE 23], and on February 20, 2014, petitioner filed a motion to compel the BOP to place him in a RRC for a period of six months. [DE 27]. In both motions, petitioner asks the

Court to require the BOP to place him in an RRC for six months and then in home confinement for six months.

## DISCUSSION

Pursuant to 18 U.S.C. § 3621(b), the BOP has authority to designate the place of a prisoner's imprisonment. In determining what constitutes an appropriate and suitable place of imprisonment, the BOP should consider the following five factors:

> (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence – (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). With 18 U.S.C. § 3624(c) and § 3621(b), the BOP has discretion to transfer a prisoner to an RRC for a period not to exceed twelve months. *Snyder v. Johns*, 2011 WL 4443226, *2 (E.D.N.C. Sept. 23, 2011). As long as the BOP considers each of the five § 3621(b) factors, the BOP's determination of whether and for how long an inmate will be transferred into an RRC falls within the BOP's discretion. *Id.*

Here, the BOP properly exercised its discretion in determining that petitioner should be placed in an RRC for 90 days. The Government has shown that the BOP, in good faith, considered the five § 3621(b) factors in making its final determination that petitioner should be placed in an RRC for a period of 90 days to adjust to and prepare for a successful reentry into the community. Accordingly, petitioner's motions are denied.

## CONCLUSION

For the foregoing reasons, the petitioner's motions are DENIED.

SO ORDERED,

this 31 day of March, 2014.

                                     TERRENCE W. BOYLE
                                     UNITED STATES DISTRICT JUDGE